```
D48TBITC
```

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x
3  UNITED STATES OF AMERICA,
4            v.                            12 CR 529 (LAP)
5  RAYMOND BITAR,
6            Defendant.
7  ------------------------------x
8                                          New York, N.Y.
                                           April 8, 2013
9                                          3:30 p.m.

10  Before:
11            HON. LORETTA A. PRESKA,
12                                     District Judge
13
14                      APPEARANCES
15  PREET BHARARA
       United States Attorney for the
16     Southern District of New York
    NIKETH VELAMOOR
17  ARLO DEVLIN-BROWN
       Assistant United States Attorneys
18
    PAUL, WEISS, RIKIN, WHARTON & GARRISON
19     Attorneys for Defendant
    JOHN BAUGHMAN
20  ROBERTO FINZI
    STEVEN JACOBS
21
22
23
24
25

1              (In open court, case called)

2              THE COURT:  Good afternoon.

3              How would you like to proceed, counsel?

4              MR. VELAMOOR:  Your Honor, we're here because we
5    reached the terms of a disposition.  It is a very unusual
6    disposition because of the defendant's extraordinary medical
7    situation, including his imminent need of a heart transplant,
8    his pending efforts to get a heart transplant, as well as the
9    consultations we have had with the Bureau of Prisons.  As a
10   result, it's a very unusual plea agreement, and it's also
11   expected to be an unusual plea.

12             As we understand it -- and Mr. Baughman can address
13   this in more detail -- we don't think the defendant would be
14   following his doctor's advice in coming to the Court for a
15   plea.  We have a suggestion for the Court with respect to that
16   that perhaps Mr. Baughman should address.

17             THE COURT:  Sir.

18             MR. BAUGHMAN:  Your Honor, may I approach?  I have to
19   make an application to you and I need to give your Honor an
20   evidentiary basis for it.

21             THE COURT:  Yes.

22             MR. BAUGHMAN:  Handing up to the Court a binder with
23   seven exhibits in it.

24             The application I'm going to make, your Honor, is that
25   we schedule a date for a plea, and that we have expedited

1  sentencing, and that we waive the preparation of a presentence
2  report.  We would hope to be able to get the sentencing done at
3  the time of the plea, in all events prior to May 6.
4         So let me explain.  As your Honor is aware, the
5  defendant, Mr. Bitar, has been suffering from very severe heart
6  condition, and I have given you a binder that has his medical
7  records in it.  And if I could direct your Honor's attention to
8  tab 5.  I have put a red flag on the appropriate page.  If your
9  Honor would look at the first paragraph of this page, this is a
10 doctor's note written by a doctor -- your Honor can read his
11 name in the paper -- who is the head transplant surgeon at the
12 hospital involved.
13        And he writes in here, under the heading Assessment
14 and Plan, Mr. Bitar spends much of his time as an NYHA class
15 four heart failure patient.  Parenthetically, I've been advised
16 the scale goes one through four, and four is the worst.  While
17 he is able to ambulate with some limitation, he is a class 3B
18 patient.  In this condition, Mr. Bitar has a mortality of
19 50 percent in six months to one year.  In other words, he has a
20 50 percent chance of being dead within this calendar year.
21        The document goes on to describe his treatment
22 options.  They are essentially a heart transplant or the
23 implantation of a device which would be in effect an artificial
24 heart.  His prospects for sort of getting better without this
25 type of surgery are very slim.

1            This presents a very unique set of circumstances to
2    us, to the government, because if your Honor would go to the
3    next two tabs in the binder, Exhibit 6 and Exhibit 7, these are
4    reports prepared by an expert that we retained.  He's a doctor
5    who has participated in several hundred heart transplants.  He
6    used to run a heart transplant center.  And he describes the
7    process by which one becomes approved for a heart transplant.
8    And if you look at the second paragraph of Exhibit 6, he
9    states, based on his experience, the prospect of a future
10   prison sentence makes it extremely unlikely that your client
11   would be put on the heart transplant list.  The prospect of
12   going to prison is incompatible with the type of medical care
13   required before and after a heart transplant.
14           So this medical condition that emerged was first
15   diagnosed in November.  We have been monitoring it.  We have
16   been in consultation with the doctors.  And we have had very
17   extensive, lengthy discussions with the United States
18   Attorney's Office, where they have very humanely and
19   professionally recognized the unique circumstances that we
20   face.
21           So we have reached the agreement which is tab 1 in the
22   binder.  It's been now executed by Mr. Bitar, by myself, by the
23   government, all the parties.  And if I could direct your
24   attention to page 9 of the plea agreement, I will read into the
25   record sort of the key sentence.  In the middle of the

1    paragraph it says based on the defendant's extremely unusual
2    medical condition, in particular his imminent need for a heart
3    transplant procedure, and pending efforts to be selected as a
4    recipient for a heart transplant, and given the assessment of
5    the Bureau of Prisons concerning its ability to provide
6    appropriate medical care to the defendant based on his present
7    medical condition, the government will not oppose a request by
8    the defendant for expedited sentencing and the imposition of an
9    expedited sentence that does not require a term of
10   imprisonment, provided the defendant strictly complies with all
11   of the terms and conditions of this agreement.
12             Now obviously it is also recognized and worth pointing
13   out on the record that if you turn to page 11 it says the
14   parties understand that this agreement reflects the unique
15   facts of this case and is not intended as precedent in other
16   cases.
17             So that is the application that I am standing before
18   you to make today, your Honor, specifically the one in here,
19   that we schedule an expedited sentencing proceeding.  Your
20   Honor will obviously review the materials.  Mr. Bitar is
21   pleading guilty to two felonies.  He is suffering -- there are
22   certainly consequences to him for pleading guilty to those
23   felonies.  He is forfeiting a very substantial amount of
24   property, very close to everything that could be said that he
25   ever obtained through any improper behavior.  He's agreeing to

1  a forfeiture judgment of $40 million.  He's forfeiting his home
2  and forfeiting a lot of property.
3              So if your Honor agrees, we would like to try to get
4  this on the schedule before -- as soon as possible, because
5  May 6 is the day that he has his appointment to go before the
6  heart transplant board to see whether or not he can have this
7  procedure, which we hope that he can.
8              Mr. Velamoor indicated that, if your Honor is amenable
9  to proceeding in this fashion, we have discussed with him a
10 number of procedures as to how to do it, but I stop at the
11 moment to see if your Honor has any questions.
12             THE COURT:  Is it your intention that he plea by
13 video?
14             MR. BAUGHMAN:  We have discussed that.  The government
15 and I have a slight difference of opinion on this.  I believe
16 that it would be lawful for your Honor to take the plea by
17 video.  I know your courtroom is set up for it.  I have had
18 discussions with the Central District of California to see how
19 it could be arranged.  I think Mr. Velamoor is of the view that
20 an interim step is required that we invoke a judicial officer
21 in the courtroom in California while this is taking place.  I'm
22 not going to cause a fight about this, I just want to do
23 something that the Court is comfortable with.
24             MR. VELAMOOR:  Yes, your Honor, we have looked at the
25 video possibility.  We have done some research on that.  Our

D48TBITC

1   concern is that where it has actually been litigated it has
2   been found to be insufficient because in a sense it's been
3   found to violate the rule.  And this is true irrespective of
4   whether the defendant consents or waives his right to be
5   physically present.
6            THE COURT:  Violates which part of the rule?
7            MR. VELAMOOR:  It violates Rule 11 in particular
8   concerning the Court's ability to personally discuss with the
9   defendant his rights and evaluate his competency and other
10  abilities to plead guilty.  We also think it's inconsistent
11  with Rule 43 which focuses on the defendant's need to be
12  physically present for certain proceedings.  It's also --
13           THE COURT:  So your thought is that there would be a
14  video hook-up, but a judge sitting in California?
15           MR. VELAMOOR:  Our proposal is under Title 28, United
16  States Code, Section 636, in an emergency situation -- it's
17  subparagraph F, as in frank, if the chief judges of both
18  districts concur, then your Honor could request the assistance
19  of a magistrate in another district for a specific function.
20  In this case, it would be to take the defendant's allocution
21  for his guilty plea, also for his waiver of indictment, because
22  it is superseding information.  Then our proposal would be that
23  your Honor receive a report and recommendation.  If you find
24  that the plea is sufficient, you could accept that plea and
25  then move forward and sentence the defendant at that point.

1           We think that's better.  It is certainly more
2  consistent with the law.  It's true there appear to be some
3  cases in which a plea by video has been happened.
4           THE COURT:  Indeed from England.
5           MR. VELAMOOR:  It's been discussed as having happened
6  in the procedural history, but where the issues have been
7  litigated in the cases that we found, it's been found to be
8  insufficient where the cases have actually been challenged and
9  contested.  And that's true even where the defendant has waived
10 his right.
11          So we have some concerns about the guilty plea.  We
12 think the sentencing we have somewhat less concerns.  We think
13 if the Court would sentence the defendant by video conference
14 that would probably not be a concern from our perspective.
15          THE COURT:  I'm sure the reporter didn't hear the last
16 five words.
17          MR. VELAMOOR:  I think --
18          THE COURT:  If the Court were to sentence.
19          MR. VELAMOOR:  To sentence the defendant by video, I
20 don't think we would have the same level of concern we would
21 for the guilty plea allocution.  Our major concern is with
22 respect to the guilty plea.
23          THE COURT:  Anything you want to add, Mr. Baughman?
24          MR. BAUGHMAN:  Just briefly.  Mr. Velamoor is correct.
25 I found four instances in the recorded cases where it has been

D48TBITC

1  done in the Second Circuit.  And it's commonly done in the
2  Northern District with Judge McAvoy, who sort of has the right
3  circuit, and this is an example of an order entered one of his
4  cases where video pleas were taken.  So I think it's within the
5  Court's discretion to do it by video.  I think it would be
6  simpler.  And, of course, we would obviously waive and
7  Mr. Bitar would waive on the record any right to be present.
8  But we leave it to your Honor's good judgment.
9          THE COURT:  All right.  Certainly subject to reading
10 the materials you put in front of me, I have no objection to
11 it.
12         Mr. Velamoor, if you would send me whatever you have
13 by way of authority as to how this should be done, I will
14 confer with the chief judge out there and get it set up so that
15 it can be done promptly.
16         Do you want -- I guess it depends on the availability
17 out there, but we could certainly do all this stuff as soon as
18 I read this, there's someone available in California, we get
19 the transcript, and I could sentence next week, assuming
20 availability.
21         MR. BAUGHMAN:  Your Honor, whenever you can do it is
22 fine.
23         May I have one second, your Honor?
24         THE COURT:  Yes, sir.
25         (Pause)

D48TBITC

1           MR. BAUGHMAN:  Would your Honor -- do you think it
2    would be possible to do it all in one day?  Your Honor could
3    observe the plea if it was done before the magistrate judge in
4    California.
5           THE COURT:  I could do that, too.
6           MR. BAUGHMAN:  We could do it all in a couple of
7    hours.
8           THE COURT:  OK.  Is that all right with the
9    government?
10          MR. VELAMOOR:  Yeah, I don't think we have any
11   objection to the specific manner.
12          THE COURT:  OK.  Let's do this, why don't we set as a
13   control date April 19th at noon.  I assume we will be able to
14   get this done earlier than that.
15          Again, Mr. Velamoor, when can you have a little memo
16   for me to send to the chief judge in Central?
17          MR. VELAMOOR:  I think we should be able to send
18   something to the Court tomorrow by the end of the day.
19          THE COURT:  I will send that out as soon as I get it
20   and we will confer about scheduling.  And I'll read this
21   overnight and then we'll be ready to go.
22          Then as soon as I hear from the judge or the
23   magistrate judge in California, we will be in touch with you
24   about the actual time in California and the time here for you
25   to appear.  We'll just keep this control date in place for the

D48TBITC

1  moment.
2              MR. BAUGHMAN:  That's fine, your Honor.
3              THE COURT:  Anything else you want?
4              MR. BAUGHMAN:  No.
5              MR. VELAMOOR:  Your Honor, just since the plea has not
6  yet been entered, we ask to excludes the time between today and
7  the control date of April 19.
8              MR. BAUGHMAN:  No objection.
9              THE COURT:  In order to permit counsel to continue to
10 discuss disposition, time between today and April 19 is
11 excluded from calculation under the Speedy Trial Act in the
12 interest of justice.
13             MR. DEVLIN-BROWN:  One moment, your Honor?
14             (Pause)
15             MR. BAUGHMAN:  Mr. Devlin-Brown has very graciously
16 reminded me, your Honor, I am submitting to you the exhibits
17 for your Honor's consideration, but when it comes time for
18 filing them, the medical records, Exhibits 2 through 7, if you
19 could file those under seal, I don't think there's any reason
20 for the specific details --
21             THE COURT:  That make sense.  Right, counsel?
22             MR. VELAMOOR:  Yes, Judge.
23             THE COURT:  So ordered.
24             MR. BAUGHMAN:  Thank you.
25             THE COURT:  Where are you on the plea agreement?

D48TBITC

1           MR. BAUGHMAN:  It's done.
2           THE COURT:  I mean on the public release of --
3           MR. BAUGHMAN:  Well, under Rule 11, your Honor, I
4    think the plea agreement has to be publicly disclosed.  And we
5    discussed with the government that we're not -- we accept that.
6           THE COURT:  You will take care of that.
7           Anything else today?
8           MR. BAUGHMAN:  As Mr. Finzi said, I don't think we
9    should file it until the day of the plea.
10          THE COURT:  All right.
11          MR. BAUGHMAN:  Once we actually have agreed on the
12   procedure of doing it.
13          THE COURT:  OK.  And what we'll do is as soon as we
14   have ourselves a time and a date, we will put it up on ECF so
15   it's available.
16          MR. BAUGHMAN:  Fair enough.
17          THE COURT:  Anything else?
18          MR. VELAMOOR:  Nothing from us, your Honor.
19          THE COURT:  Thank you, counsel.  Good afternoon.
20                                 o0o