Case 1:12-cr-00529-LAP   Document 238   Filed 07/24/13   Page 1 of 12

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-24-13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x
                                    :
UNITED STATES OF AMERICA            :    CORRECTED CONSENT
                                         PRELIMINARY ORDER OF
          -v.-                      :    FORFEITURE AS TO
                                         SPECIFIC PROPERTY
RAYMOND BITAR,                      :
                                         S1 12 Cr. 529 (LAP)
          Defendant.                :
                                    :
- - - - - - - - - - - - - - - - - -x

          WHEREAS, on or about April 15, 2013, Raymond Bitar was charged in a two-count Superseding Information S1 12 Cr. 529 (LAP) (the "Information"), with (1) violating the Unlawful Internet Gambling Enforcement Act (the "UIGEA"), in connection with his participation in the operations of Full Tilt Poker, a company that offered unlawful internet poker gambling to United States residents, in violation of Title 31, United States Code, Sections 5363 and 5366 (Count One) and (2) conspiring to commit bank fraud and wire fraud, also in connection with his participation in the operations of Full Tilt Poker, in violation of Title 18, United States Code, Section 1349 (Count Two);

          WHEREAS, the Information included a forfeiture allegation seeking, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and 982, and Title 28, Untied States Code, Section 2461, all property, real and personal, that constitutes or is derived from the proceeds traceable to the offenses charged in Count Two;

WHEREAS, on or about April 15, 2013, pursuant to a plea agreement with the Government, Bitar pled guilty to Counts One and Two of the Information;

WHEREAS, in the Plea Agreement, Bitar admitted the forfeiture allegation and agreed to forfeit: (i) a sum of money equal to $40,000,000 in United States currency, representing the amount of proceeds the Defendant received from the offense charged in Count Two of the Information; and (ii) all the Defendant's right, title, and interest in the following specific property:

A. All funds held in the following accounts:

1. Account numbered 9542-34087766 held at The Royal Bank of Scotland International trading as NatWest, Guernsey, in the name of Raymond Bitar;

2. Account numbered 600092074136054 held at The Royal Bank of Scotland International trading as NatWest, Guernsey, in the name of Raymond Bitar;

3. Account numbered 91707289 held at Bank of Ireland, Ireland, in the name of Raymond Bitar,;

4. Account numbered 66457249 held at Bank of Ireland, Ireland, in the name of Raymond Bitar;

5. Account numbered 94797451 held at Bank of Ireland, Ireland, in the name of Raymond Bitar;

6. Account numbered 99045014745206 held at Bank of Scotland Ireland, Inc., Ireland, in the name of Raymond Bitar;

7. Account numbered 95151380025186 held at National Irish Bank, Ireland, in the name of Raymond Bitar;

8. Account numbered 95151340062618 held at National Irish Bank, Ireland, in the name of Raymond Bitar;

9. Account numbered 26257031 held at Allied Irish Bank, Ireland, in the name of Raymond Bitar;

10. Account numbered 40020357612 held at Bank of Valletta, Malta, in the name of Raymond Jack Bitar;

11. Account numbered 40020357625 held at Bank of Valletta, Malta, in the name of Raymond Jack Bitar;

12. Account numbered 40020836586 held at Bank of Valletta, Malta, in the name of Raymond Jack Bitar;

13. Account numbered 40019956189 held at Bank of Valletta, Malta, in the name of Newport Services Ltd;

14. Account numbered 40019956192 held at Bank of Valletta, Malta, in the name of Newport Services Ltd;

15. Account numbered 7262 held at Wirecard Bank AG, Germany in the name of Raymond Bitar;

16. Account numbered 7244 held at Wirecard Bank AG, Germany in the name of Raymond Bitar;

17. Account numbered 800801483 held at Comerica Bank, Dallas, Texas, in the name of Raymond Bitar;

18. Account numbered 800922552 held at Comerica Bank, Dallas, Texas, in the name of Raymond Bitar;

B. The following real property:

1. The real property and appurtenances, with all improvements and attachments thereon, located at 1506 Forest Oaks Drive, Glendora, California 91741;

2. The real property and appurtenances, with all improvements and attachments thereon, located at 752 Rainbow Drive, Glendora, California 91741;

3. The real property and appurtenances, with all improvements and attachments thereon, located at

    501 Gordon Highlands Drive, Glendora, California 91741;

  4. The real property and appurtenances, with all improvements and attachments thereon, located at 949 North Cataract Avenue, San Dimas, California 91773;

  5. The real property and appurtenances, with all improvements and attachments thereon, located at 1901 North 6th Street, Terra Haute, Indiana 47804;

  6. The real property and appurtenances, with all improvements and attachments thereon, located at 518 Osborne Street, Terra Haute, Indiana 47802; and

  7. The 1/10 share of a residential unit at Tucker's Point Club (Bermuda);

C. The following ownership and equity interests:

  1. Ownership and equity interest in any and all Full Tilt Poker related companies, including the following:

    a. BT Management;
    b. Dromane Limited;
    c. Filco (Holdings) Limited;
    d. Filco Limited;
    e. Fitzroche Limited;
    f. Graybel Limited;
    g. Irolo (Italy) Limited;
    h. Kolyma Corporation AVV;
    i. Ludus Limited (Cyprus);
    j. Media Management GmbH;
    k. My West Nook Limited;
    l. Oxalic Limited;
    m. Orinic Limited;
    n. Pocket Kings Consulting Limited;
    o. Pocket Kings Limited;
    p. Ranston Limited;
    q. Real Media LLC;
    r. Rekop Limited;
    s. Rosbull Limited;
    t. Rullan Joyce Limited;
    u. Tiltproof Limited;
    v. Tiltware LLC;

    w. Tiltware Merchandise Services, LLC;
    x. Vantage Limited;

  2. Ownership and equity interest in the following additional entities:

    a. Sierra Slover LLC;
    b. Path to Prosperity Inc.;
    c. Panjia Inc.;
    d. RCR Pictures LLC;
    e. Exit Row LLC;
    f. PASG LLC;
    g. LBC, LLC;
    h. GLX Limited; and
    i. B.C. Brewing;

(items in paragraphs A-C collectively, the "Specific Property");

WHEREAS, the Defendant represents that he is the sole owner of the Specific Property listed in paragraphs A and B, except the Specific Property listed in subparagraphs A.6., A.7., A.8., A.9., A.15., A.16., and B.7;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $40,000,000 in United States currency, representing the amount of proceeds the Defendant received from the offenses charged in Count Two of the Information, and the Defendant further consents to the forfeiture of all his right, title, and interest in the Specific Property;

WHEREAS, the Defendant agrees that the Specific Property is forfeitable to the United States because the Specific Property constitutes or is derived from proceeds traceable to the commission of the offenses charged in Count Two of the Information;

5

WHEREAS, the parties agree that the forfeiture of the Specific Property shall be applied in full satisfaction of the Defendant's forfeiture money judgment obligation;

WHEREAS, pursuant to 21 U.S.C. § 853(g) and Rules 32.2(b)(3) and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any person who reasonably appears to be a potential claimant of its interest therein;

IT IS HEREBY STIPULATED AND AGREED, by and between the plaintiff, United States of America, by its attorney Preet Bharara, United States Attorney, Assistant United States Attorney, Sharon Cohen Levin, of counsel, and the Defendant, and his counsel John F. Baughman, Esq. that:

1. As a result of the offenses charged in Count Two of the Information, to which the Defendant pled guilty, a money judgment in the amount of $40,000,000 (the "Money Judgment") shall be entered against the defendant, as part of his criminal sentence.

2. As a result of the offenses charged in Count Two of the Information, to which the Defendant pled guilty, all of the defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition

in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture, this Order is final as to the Defendant and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. Upon entry of this Preliminary Order of Forfeiture, the United States Marshals Service (or its designee) is authorized to seize the Specific Property and hold the Specific Property in its secure custody and control. The Defendant must take all reasonable steps necessary to facilitate the transfer of the Specific Property to the custody and control of the United States Marshals Service.

5. Upon specific written direction by the United States Marshals Service or its designee only, to be provided at the sole discretion of the United States Marshals Service or its designee, the companies and entities listed in Paragraph C.2. of this Order must provide to the United States Marshals Service or its designee:

    a.    all investment history as evidenced by account statements for the last 5 years to include capital contributions, dividends, and withdrawals; prospectuses, business plans, annual reports and other information provided to the investment holder for the last 5 years; and Shareholder/Partnership Agreements on file;

7

b. Annual Financial Statements for the last 5 years - audited/reviewed preferred, including Opinion, Notes to Financial Statements, and Supplementary Information;

c. Quarterly financial statements for the last 2 fiscal years, and current year to date;

d. General Ledger - Detailed and summary for the last 2 fiscal years, and current year to date;

e. Trial balances - monthly for the last 2 fiscal years, and current year to date;

f. Organization chart of affiliate business entities listing percentage owned and accounting method used;

g. Personnel Organization chart identifying key management personnel;

h. Listing of office, retail and warehouse locations;

i. Fixed assets schedule including Plant, Property and Equipment;

j. Listing of other real estate assets and related debt;

k. Listing of intangible assets (patents, copyright, trademarks) and related amortization; for patents and copyrights, include grant date and remaining useful life;

l. Operating Agreements;

m. Buy-Sell Agreements;

n. Franchise Agreements (if applicable);

o. Articles of Organization; Partnership Agreements; Articles of Incorporation as appropriate to the entity type;

p. Equity transactions relating to ownership purchases/sales/transfers within the last 5 years including price per share/unit and related valuation reports;

q. Current 5 Year Financial Forecast and Business Plan, including projected capital expenditures

6.     Pursuant to 21 U.S.C. § 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States shall publish for at least thirty (30) consecutive days on the official government internet forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture.  Any person, other than the defendant in this case, claiming an interest in the Specific Property must file a petition within sixty (60) days from the first day of publication of the notice on this official government internet site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

7.     This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title and interest in the Specific Property and any additional facts supporting the petitioner's claim and the relief sought, pursuant to 21 U.S.C. § 853(n).

8.     Pursuant to Rule 32.2(b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to

9

any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

9.   Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to 21 U.S.C. § 853(n) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, in which all third-party interests will be addressed.

10.  Upon the entry of the Final Order of Forfeiture with respect to the Specific Property, the Money Judgment shall be fully satisfied.

11.  All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable, in this instance to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the defendant's name and case number.

12.  Upon execution of this Order of Forfeiture, and pursuant to 21 U.S.C. § 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

13.  The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

14.  Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Preliminary Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

15.  The Clerk of the Court shall forward three certified copies of this Order to Assistant United States Attorney, Sharon Cohen Levin, Chief, Asset Forfeiture Unit, One St. Andrew's Plaza, New York, New York 10007.

16.  This Consent Order may be executed in counterparts, each of which shall constitute an original as against the party whose signature appears on it. All executed counterparts shall be deemed to be one and the same instrument. This Consent Order shall become binding when one or more counterparts, individually or taken together, bears the signature of all Parties.

17. A facsimile or electronic image of the original signature of any party executing this Consent Order shall be deemed an original signature and shall constitute an original as against the party whose signature appears in the facsimile or electronic image.

AGREED AND CONSENTED TO:

PREET BHARARA
United States Attorney for the
Southern District of New York
Attorney for Plaintiff

By: *(signed)* Christine Magdo     7/18/13
SHARON COHEN LEVIN                  DATE
JASON H. COWLEY
CHRISTINE I. MAGDO
Assistant United States Attorneys
One St. Andrew's Plaza
New York, NY 10007
(212)637-2506/1060

RAYMOND BITAR
DEFENDANT

By: *(signed)*                      7-4-13
RAYMOND BITAR                       DATE

By: *(signed)*                      7/10/2013
JOHN F. BAUGHMAN, ESQ.              DATE
Attorney for the Defendant
Paul, Weiss, Rifkind, Wharton
& Garrison LLP
1285 Avenue of the Americas
New York, New York 10019
(212) 373-3021

SO ORDERED:

*(signed)* Loretta A. Preska        July 23, 2013
HONORABLE LORETTA A. PRESKA         DATE
UNITED STATES DISTRICT JUDGE